```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-22762-CIV-MOORE
                              MAGISTRATE JUDGE P. A. WHITE
```

JIMMY LEE GLENN,                      :

    Plaintiff,                    :

v.                                    :      REPORT OF
                                             MAGISTRATE JUDGE
                                      :
FLORIDA DEPT. OF CORRECTIONS,
ET AL.,
                                      :
    Defendants.
_____

    I.   Introduction

    The plaintiff Jimmy Lee Glenn, a former state prisoner, has filed a pro se civil rights pursuant to 42 U.S.C. §1983. This civil action was originally filed in the Middle District of Florida and has been transferred to this Court.

    The plaintiff has filed three pleadings: Complaint [DE# 1]; Amended Complaint [DE# 6] and a Statement of Facts attached to his application to proceed in forma pauperis [DE# 6]. The plaintiff states that he spent 30 years as a state prisoner and was released from the Everglades Correctional Institution on June 1, 2007. The plaintiff alleges generally that during the entirety of his incarceration he suffered beatings and mistreatment that left him mentally ill. He raises no specific allegations of mistreatment other than alluding to the fact that in 1999, while housed at the Florida State Prison, he was beaten and tortured and he witnessed corrections officers torture and kill inmates. The plaintiff alleges that Kimberly Leary, a medical professional at Everglades Correctional Institution, has violated his civil rights by negligently failing to forward his SSI or disability paperwork,

which has apparently prevented him from receiving benefits. He also alleges that the Florida Department of Corrections has violated his rights by failing to provide him with any post-release assistance.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II. <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

>Sec. 1915 Proceedings in Forma Pauperis
>
>\* \* \*
>
>(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>
>\* \* \*
>
>(B) the action or appeal -
>
>\* \* \*
>
>(i)  is frivolous or malicious;
>
>(ii) fails to state a claim on which relief may be granted; or

>    (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language

previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. §1983, a plaintiff must allege that (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11 Cir. 2001). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  Swint v. City of Wadley, Ala., 51 F.3d 988 (11 Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n. 1 (11 Cir. 1994).  "Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right." Knight v. Jacobson, 300 F.3d 1272, 1275 (11 Cir. 2002).

The Supreme Court has held that the Due Process Clause is not implicated by a state official's negligent act causing unintended loss of or injury to life, liberty, or property, see Daniels v. Williams, 474 U.S. 327, 329-36 (1986) (pretrial detainee who slipped on pillow left on stairway by prison official could not recover under §1983); Davidson v. Cannon, 474 U.S. 344 (1986) (state prisoner injured by fellow inmate), and have expressed concern with a reading of section 1983 which would turn the Fourteenth Amendment into a font of tort law to be superimposed upon whatever systems may already be administered by the states. Parratt v. Taylor, 451 U.S. 527, 544 (1981); Baker v. McCollan, 443 U.S. 137 (1979); Paul v. Davis, 424 U.S. 693, 701 (1976); Cannon v. Taylor, 782 F.2d 947 (11 Cir. 1986). In Baker v. McCollan, supra, the Supreme Court warned that §1983 must not be used to duplicate state tort law on the federal level, stating in pertinent part, as follows:

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles.

443 U.S. at 146.

In Davidson v. Cannon, supra, a companion case to Daniels v. Williams, the Court again held that conduct which amounts to nothing more than ordinary tort negligence was not actionable under §1983, stating as follows:

> Lack of due care simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent...[consequently]...where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.

474 U.S. at 347-48.

5

The Court in <u>Daniels</u>, however, reserved the general question "whether something less than intentional conduct, such as recklessness or gross negligence, is enough to trigger protection of the Due Process Clause." <u>Daniels</u>, 474 U.S. at 334, n.3.  In post <u>Daniels</u> and <u>Davidson</u> cases, the courts ruling in various contexts have maintained the view that the Constitution does not incorporate all tort law, and that negligence or even gross negligence are insufficient to trigger substantive due process protection of the Fourteenth Amendment.  <u>See, e.g.</u> <u>Parker v. Williams</u>, 862 F.2d 1471, 1476-77 (11 Cir. 1989).

Even if the plaintiff were able to demonstrate that Leary was negligent by failing to submit his paperwork and the Florida Department of Corrections was negligent by failing to provide any assistance to him upon his release, he has failed to state a claim that any of his constitutional rights were violated.  The allegations, though partially couched in constitutional terms, raise only claims of negligence.  The plaintiff has failed to state any facts to allege that either defendant deprived him of a right secured under the United States Constitution or federal law.

Additionally, to the extent the plaintiff is attempting to raise any claims related to treatment while he was incarcerated, the allegations in the Complaint fall far short of the requisite pleading standard to proceed.  Should the plaintiff desire to seek relief for any alleged constitutional violations, he should file a new civil action identifying the individuals who allegedly violated his constitutional rights, explain how and when they did so, and explain how he was injured by their actions.

### III.  <u>Recommendation</u>

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure

to state a claim upon which relief may be granted; and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 7th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Jimmy Lee Glenn, Pro Se
      520 S. Grannis Avenue
      Apt. 2
      Titusville, FL 32796